UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 05-cv-12268-RCL |
| ) | |
| WMDS, INC., ) | |
| ONEUNIVERSEONLINE INC., ) | |
| SENG TAN, ) | |
| CHRISJTIAN ROCHON, and ) | |
| JAMES BUNCHAN, ) | |
| ) | |
| Defendants, and, ) | |
| ) | |
| CHANDY YIM, ) | |
| ) | |
| Relief Defendant. ) | |

[~~PROPOSED~~] FINAL JUDGMENT AS TO CHRISTIAN ROCHON

The Securities and Exchange Commission ("the Commission") having filed a Complaint, and defendant Christian Rochon having failed to plead or otherwise defend as provided by Rule 55(a) of the Federal Rules of Civil Procedure, and a Notice of Default having been entered against said defendant on January 13, 2009,

IT IS HEREBY ORDERED, ADJUDGED and DECREED that:

1. Defendant Christian Rochon, and his agents, servants, employees, attorneys, and all persons in active concert or participation with his who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5] by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statement made, in the light of the circumstances under which it was made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

2. Defendant Christian Rochon, and his agents, servants, employees, attorneys, and all persons in active concert or participation with his who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act [15 U.S.C. § 77q(a)] in the offer or sale of any securities by the use of any means or instruments of transportation or communication in interstate commerce or by the use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were

made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser

3. Defendant Christian Rochon, and his agents, servants, employees, attorneys, and all persons in active concert or participation with his who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 5(a) and 5(c) of the Exchange Act [15 U.S.C. §§ 77e(a), (c)] by using any means or instruments of transportation or communication in interstate commerce or of the mails to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement has been in effect and for which no exemption from registration has been available; and/or (b) using any means or instruments of transportation or communication in interstate commerce or of the mails to offer to sell, through the use or medium of a prospectus or otherwise, securities as to which no registration statement has been filed and for which no exemption from registration has been available.

4. Defendant Christian Rochon, shall disgorge profits gained as a result of the conduct alleged in the Complaint. Defendant Christian Rochon is liable, jointly and severally with defendants WMDS, Inc., aka World Marketing Direct Selling Inc, ONEUNIVERSEONLINE INC., aka 1UOL, Seng Tan and James Bunchan, in the amount of $26,261,133.16; said amount to be reduced by any amounts forfeited or paid as restitution pursuant to an order of this Court in a related criminal proceeding, United States of America v. James Bunchan, et al., Case No. 06-cr-10004-RGS.

5. The Preliminary Injunction, Order Freezing Assets and Order for Other Equitable

3

Relief ("Preliminary Injunction and Asset Freeze") previously entered in this matter shall remain in effect for sixty days from the date of this order, except that the Preliminary Injunction and Asset Freeze shall immediately cease to apply to any asset, including any bank, brokerage or other financial institution account, which becomes subject to any order of civil or criminal forfeiture entered by a federal court as a result of any proceedings which may be filed by the United States or any department or agency thereof, to the extent such later order requires the transfer of any such asset or of any funds in such accounts, including any order entered in a related criminal proceeding, United States of America v. James Bunchan, et al., Case No. 06-cr-10004-RGS

6. The Commission may enforce the court's judgment for disgorgement against defendant Christian Rochon by moving for civil contempt (and/or through other collection procedures authorized by law) at any time following entry of this Final Judgment. In response to any such civil contempt motion by the Commission defendant Christian Rochon may assert any legally permissible defense.

7. Within thirty (30) days of the date of this Judgment and pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)] and Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], defendant Christian Rochon shall pay a civil money penalty of $ _____.

8. Defendant Christian Rochon shall make payment as indicated in paragraph 7 above by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission. The payment shall be delivered or mailed to the Office of Financial Management, Securities and Exchange Commission, Operations Center, 6432 General Green Way, Mail Stop 0-3, Alexandria, Virginia 22312, and shall be accompanied by a letter

4

identifying the defendant's name as the defendant in this action, setting forth the title and civil action number of this action and the name of this court, and specifying that payment is made pursuant to this Final Judgment. Defendant shall simultaneously transmit photocopies of each such payment and letter to the Commission's counsel in this action, Martin F. Healey, 33 Arch Street, 23d Floor, Boston MA 02110. Defendant Christian Rochon shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

DONE this 25th day of March, 2009.

*William A. Young*
UNITED STATES DISTRICT JUDGE